## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TYRONE HENRY MCMILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-647-W |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Tyrone Henry McMiller, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging several violations of his federal and state constitutional rights. United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Now pending are Plaintiff's requests for preliminary injunctive relief (Doc. Nos. 22, 23, 24, 37, 38). As outlined herein, the undersigned recommends that these requests be DENIED.

## BACKGROUND

Plaintiff is currently incarcerated at Cimarron Correctional Facility ("CCF"), a private prison facility owned and operated by Corrections Corporation of America ("CCA") pursuant to a contract with the Oklahoma Department of Corrections ("ODOC"). Compl. (Doc. No. 1) at 1, 2. In his pleading, Plaintiff alleges that after he arrived at CCF, he attempted to access the facility's legal research resources and to send legal mail, but that he suffered unconstitutional retaliation in exchange for exercising his

rights to access the courts. Compl. at 3, 6, 7, 10-16 (citing U.S. Const. amend. I). Plaintiff alleges that as part of this retaliation, he was sent to administrative segregation for three days and also made to remain unclothed and without a mattress for some or all of this time in segregation. Compl. at 6, 7, 16-20 (citing U.S. Const. amend VIII). Plaintiff asserts that his treatment in connection with the retaliatory assignment to segregated housing violated his rights under the Fourteenth Amendment. Compl. at 6, 8, 20-21 (referencing both "due process" and "equal protection"). Finally, Plaintiff asserts that Defendants' actions in connection with the retaliatory assignment violated the Oklahoma state constitution. Compl. at 5, 8, 22.

Plaintiff filed his first set of submissions regarding a temporary restraining order and preliminary injunction on October 31, 2014. *See* Doc. Nos. 22, 23, 24 (collectively, "Plaintiff's First Motion"). In his First Motion, Plaintiff asserted that CCF officials were not allowing him to receive copies of his pleading and other documents in this lawsuit, as required by ODOC regulations and as was necessary for Plaintiff to submit completed service papers to the Court and thereby initiate service of process upon Defendants. *See* Doc. Nos. 22-1, 23, 24; Order Requiring Service and Special Report (Doc. No. 18, issued Oct. 16, 2014) (directing Plaintiff to complete all necessary service papers and return them to the Clerk of Court for processing and issuance of summonses). On October 31, 2014, the Court issued an order directed to Plaintiff's allegation that he was being denied copies of these necessary documents. Order of Oct. 31, 2014 (Doc. No. 21). In that Order, the Court instructed CCF officials that Plaintiff must obtain sufficient copies of

both the Complaint and the Court's Order Requiring Service and Special Report to allow these documents to be served upon each of the nine Defendants. Order of Oct. 31, 2014, at 1-2. The Court ordered the relevant prison officials to provide sufficient copies of these documents. Order of Oct. 31, 2014, at 2.

Nearly one month later, Plaintiff filed another request for a temporary restraining order and preliminary injunctive relief. *See* Doc. Nos. 37, 38 (collectively, "Plaintiff's Second Motion"). In his Second Motion, Plaintiff asserts that CCF officials have failed to follow their own administrative procedures and have withheld, as retaliation for Plaintiff's filing lawsuits against prison officials, certain medications that Plaintiff has been prescribed both for pain and for high blood pressure. Doc. Nos. 37, 38. Plaintiff requests that he be immediately transferred to another prison facility. Doc. Nos. 37, 37-8.

## DISCUSSION

As a threshold matter, Plaintiff's requests are properly viewed as seeking preliminary injunctions under Federal Rule of Civil Procedure 65(a) rather than a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b). Rule 65(b) generally contemplates that a TRO would be issued only for a short term and "without written or oral notice to the adverse party or its attorney." *See* Fed. R. Civ. P. 65(b)(1). Because Defendants here have had both notice and an opportunity to respond to Plaintiff's Motions, the undersigned treats the requests for a TRO as superseded by the accompanying requests for a preliminary injunction. *See* Doc. Nos. 22, 23, 24, 37, 38; *see, e.g.*, *Farris v. Frazier*, No. CIV-12-1099-W, 2014 WL 3749142, at *15 (W.D. Okla.

July 29, 2014), *aff'd*, 599 F. App'x 851 (10th Cir. 2015); *Kan. Hosp. Ass'n v. Whiteman*, 835 F. Supp. 1548, 1551 (D. Kan. 1993); *see also* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2951, at 276-77 (3d ed. 2013).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). For entry of a preliminary injunction, the movant generally must satisfy four elements: (1) a substantial likelihood that he will prevail on the merits; (2) irreparable harm unless the restraining order is issued; (3) outweighing of the harm from the threatened injury against the adversary's harm from the preliminary injunction; and (4) the absence of an adverse impact on the public interest. *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Id.* Although the Court will construe a pro se litigant's filings liberally, requests for relief must be supported, at a minimum, by factual allegations, which require no special legal training to provide. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"); Fed. R. Civ. P. 7(b)(1)(B) (requiring requests for a court order to "state with particularity the grounds for seeking the order").

In Plaintiff's First Motion, Plaintiff requests that the Court order CCF officials to provide Plaintiff with the photocopies required for Plaintiff to comply with the Court's Order Requiring Service and Special Report, which was issued on October 16, 2014. *See*

Doc. Nos. 22, 23, 24. As noted above, however, the Court already has ordered the relevant prison officials to provide sufficient copies for Plaintiff to fulfill his service obligations. Order of Oct. 31, 2014. Further, Plaintiff now has returned the requisite summons requests and other service papers to the Court, as well as multiple other submissions filed in connection with service of process, his Second Motion, and the merits of this lawsuit. *See* Doc. Nos. 25, 36, 37, 38, 46, 54, 64, 68, 69, 70. Because Plaintiff's underlying complaint appears to have been resolved by the Court's Order of October 31, 2014, and because there is no evidence or indication from the record that CCF officials' allegedly unconstitutional conduct is ongoing, Plaintiff cannot show that he will suffer "irreparable injury" "if the preliminary injunction is denied." *See Kikumura*, 242 F.3d at 955.

Plaintiff's Second Motion seeks relief for prison officials' alleged procedural deficiencies and withholding of certain prescribed medications, but Plaintiff's Complaint raises no claim relevant to this issue and seeks no relief on this ground. *Compare* Compl., *with* Doc. Nos. 37, 38. A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945). The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint. *See Farris*, 2014 WL 3749142, at *15-16; *Stouffer v. Eulberg*, No. CIV-09-320-C, 2010 WL 567998, at *1, *2 & n.3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction

may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")). Thus, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted); *see also Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) ("[The movant] must [establish his right to such relief] by clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief.").

Plaintiff has not shown the requisite relationship between Defendants' conduct as alleged in the Complaint and the injury claimed in his Second Motion. *See* Compl.; Doc. Nos. 37, 38; *Little*, 607 F.3d at 1251. Thus, a preliminary injunction would be inappropriate to address the allegations regarding his medications, and the Court should deny the request for injunctive relief as presenting issues and seeking relief separate from and unrelated to the allegations of Plaintiff's Complaint.

Even if that were not the case, Plaintiff cannot show a "clear and unequivocal" right to such extraordinary relief, because he has provided no evidence beyond his own allegations that these medicines actually were prescribed, and he has set forth no specific allegations, beyond vague references to pain, harm, and high blood pressure, as to precisely what "irreparable injury" would occur absent preliminary injunctive relief, especially as he does not allege that he is being denied medical care altogether. *See Kikumura*, 242 F.3d at 955 (internal quotation marks omitted); Doc. No. 38 at 4-10; *cf.*

Doc. No. 38 at 3-4 (Plaintiff alleging that a physician prescribed two blood pressure medications but also alleging that the physician instructed Plaintiff not to take these medications).

Finally, Plaintiff has failed to show that the injunctive relief he seeks—i.e., immediate transfer to another facility—"is not adverse to the public interest." *Kikumura*, 242 F.3d at 955. A federal court considering a motion for injunctive relief affecting the conditions of a prisoner's confinement must give substantial weight to the adverse impact on public safety and on prison operation. 18 U.S.C. § 3626(a)(2); *Stephens v. Jones*, 494 F. App'x 906, 911-12 (10th Cir. 2012). The Supreme Court has declared that courts are not to substitute their judgment on matters of institutional administration for the determinations made by prison officials. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987). Accordingly, courts hesitate to interfere with prison officials' decisions concerning the day-to-day administration of prisons, to which deference must be accorded unless they violate the Constitution or federal law. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987). Plaintiff's desired relief would interfere with prison administrative and medical decisionmaking, such that the "public interest" factor weighs against the issuance of the extraordinary remedy of injunctive relief. *See Kikumura*, 242 F.3d at 955.

## RECOMMENDATION

It is recommended that Plaintiff's requests for preliminary injunctive relief (Doc. Nos. 22, 23, 24, 37, 38) be DENIED.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 23, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned magistrate judge in the present case.

ENTERED this 2nd day of July, 2015.


CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE